FILED IN MY OFFICE
DISTRICT COURT CLERK
6/1/2015 2:10:17 PM
STEPHEN T. PACHECO
Avalita Kaltenbach

STATE OF NEW MEXICO
IN THE FIRST JUDICIAL DISTRICT COURT
SANTA FE COUNTY

JOHN RICKS,                                    NO.    D-101-CV-2015-01347

                                               JUDGE:_____

      Plaintiff

vs.

WESTERN FLYER EXPRESS and
ROBERT WAGNER

      Defendants

### PLAINTIFF'S COMPLAINT FOR NEGLIGENT OPERATION OF A MOTOR VEHICLE and NEGLIGENCE PER SE

COMES NOW, JOHN RICKS (hereinafter Plaintiff or "Ricks"), complaining of WESTERN FLYER EXPRESS (hereinafter Defendant or "Express") and ROBERT WAGNER (hereinafter Defendant or "Wagner"), and files this Original Complaint for Negligent Operation of a Motor Vehicle and Negligence Per Se and for cause of action would show as follows:

### I.
### PARTIES

1.1   Plaintiff, Ricks, is a resident of Brooklyn, New York.

1.2   Defendant, Western Flyer Express, is a resident of Oklahoma City, Oklahoma. Randy Timms is the Vice-President and one of the owners of Western Flyer Express. This Defendant may be served with process by delivering a copy of Plaintiff's Original Complaint to Randy Timms through

Exhibit A

commercial carrier service at 5204 West I-40 Service Road, Oklahoma City, Oklahoma 73128 as allowed by Rule 1-004 (E) (3) NMRA.

1.3     Defendant, Robert Wagner, is a resident of Tonopah, Arizona. This Defendant may be served with process by delivering a copy of Plaintiff's Original Complaint to Robert Wagner through commercial carrier service at 4835 N. 372nd Ave., Tonopah, AZ 85354 as allowed by Rule 1-004 (E) (3) NMRA.

## II.
## JURISDICTION AND VENUE

2.1     This Court has subject matter jurisdiction over this case.

2.2     Pursuant to N.M.S.A. 1978, § 38-3-1(F), venue is proper in Santa Fe County, New Mexico because Defendants are transient persons and non-residents of the state of New Mexico.

## III.
## FACTUAL BACKGROUND

3.1     On or about January 5, 2015, Wagner was parked at a rest area west of Deming, New Mexico. Wagner was an employee of Express and the driver of a tractor-trailer rig owned by Express. Through electronic communication, Express knew that Wagner was safely stopped at a rest area in New Mexico and that Wagner was ill. After some period of time at the rest area, Wagner continued his operation of the Express tractor-trailer. Wagner's alertness was so impaired by his illness and fatigue that he managed to drive his rig in a circle and he left the rest area at the entrance for west bound traffic on Interstate 10. Wagner was travelling in his Express tractor-trailer going east bound in the west bound lane. Wagner continued this wrong way travel for at least 10 minutes. There were approximately 10 calls to 911 reporting a yellow tractor-trailer rig

travelling the wrong way (east bound in the west bound lanes). There was a sheriffs deputy from Luna County, New Mexico travelling east bound on a parallel road attempting to get the attention of Wagner with his lights and siren. One trucker, David Cranston, passed the Defendant as Wagner continued his wrong way travel. Cranston honked his horn and flashed his lights in an effort to communicate with Wagner that he was going the wrong way. Wagner's response was to make an obscene gesture (flipping him off) and smiling. Cranston saw a collision in his rear view mirror and he headed for the accident scene to help the injured.

3.2   After 10 minutes of wrong way travel, Wagner had side swiped a pickup truck and had headed directly at Ricks who was driving a tractor and hauling 3 other tractors. In a heroic and self-less act, Ricks rolled his rig into the median and saved the life of Wagner, his own and possibly others. Cranston pulled Ricks from the wreckage and Ricks was transported by medical helicopter to University Medical Center in El Paso, Texas. Ricks spent the next 3 weeks in the hospital. He had a number of injuries but broken ribs and the threat of blood clots were paramount to the doctors treating Ricks. Spinal MRI's revealed disc injuries to Rick's neck and back. He has been receiving conservative treatment and has not returned to work as a result of the injuries suffered on January 5, 2015.

### IV.
### CAUSES OF ACTION AGAINST DEFENDANTS

4.1   All of the conduct of Wagner on January 5, 2015 was in the course and scope of his employment as a truck driver for Express. Accordingly, all acts

of negligence on the part of Wagner are imputed to Express under the doctrine of Respondeat Superior.

4.2   The conduct of Wagner was a violation of New Mexico Statutes Chapter 66-8-114 in that Wagner operated a vehicle on the highway without giving his full time and entire attention to the operation of the vehicle. Wagner was a careless driver on January 5, 2015. Defendant Wagner failed to conduct himself as a person using ordinary care for the safety of the person and property of others. Furthermore, Wagner failed to conduct himself as a reasonable person would under the same or similar circumstances. This conduct amounts to negligence and negligence per se.

4.3   49 CFR 392.3 provides that no driver shall operate a commercial motor vehicle, and a motor carrier shall not require or permit a driver to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him to begin or continue to operate the commercial motor vehicle. Wagner and Express have both violated 49 CFR 392.3 and that conduct constitutes negligence per se. 49 CFR 392.1 states that the motor carrier shall instruct employees like Wagner about rules like the one contained in 49 CFR 392.3. Not only did Express violate 49 CFR 392.3 but it also failed to provide instruction for Wagner so that he would not violate 49 CFR 392.3. When Wagner continued the operation of the Express tractor-trailer from the rest area, given his illness and impaired alertness, Wagner failed to conduct himself as a person using ordinary care for the safety of the person and property of others. Additionally, Wagner failed to conduct himself as a reasonable person would

Plaintiff's Original Complaint for Negligent Operation of a Motor Vehicle and Negligence Per Se
Page 4 of 7

under the same or similar circumstances. This conduct amounts to negligence and negligence per se.

4.4  The foregoing acts and omissions by Defendants were acts of negligence and negligence per se and these acts of negligence and negligence per se have proximately caused injuries and damages to Plaintiff.

## V.
## DAMAGES

5.1  As a result of Defendants' conduct, Plaintiff is entitled to recover damages for the reasonable expenses of necessary medical care, treatment and services received in the past and the reasonable expenses, of medical care, treatment and services reasonably certain to be received in the future. In addition, Plaintiff is entitled to recover damages for mental anguish and the pain and suffering experienced in the past and the mental anguish and pain and suffering reasonably certain to be experienced in the future as a result of the accident and his injuries. Plaintiff has suffered economic damages because of his inability to work. He has suffered a loss of earnings and fringe benefits in the past and will suffer, in reasonable probability, a loss of earnings and fringe benefits in the future. Plaintiff has suffered a loss of earning capacity. Plaintiff has suffered physical impairment in the past and will, in reasonable probability, suffer physical impairment in the future. All of the damages were proximately caused by the negligence and negligence per se of the Defendants.

## VI.
## EXEMPLARY DAMAGES

6.1     The conduct of Wagner was careless and heedless. When Wagner left the rest area, given his illness and impaired alertness, he exhibited a willful and wanton disregard of the rights and safety of others. Wagner operated the Express tractor-trailer in a manner so as to endanger or be likely to endanger the motoring public and their property. Wagner engaged in this conduct without due caution and circumspection. The conduct of Wagner and Express was reckless and wanton. The Defendants showed utter indifference to or conscious disregard for the motoring public's and John Rick's rights and safety. Express failed to properly train Wagner in an area that exposed the motoring public to a deadly risk of danger.

6.2     Plaintiff should be awarded damages to punish Wagner and Express for their reckless behavior and to deter other truckers and trucking companies from exposing the motoring public to such risks of danger.

## VII.
## PRE-JUDGMENT AND POST-JUDGMENT INTEREST

7.1     Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, that this cause be set down for trial before a jury, and that Plaintiff recover judgment of and from the Defendants for his actual damages in such amount as the evidence may show and the jury may

determine to be proper, exemplary damages in such amount as the evidence may show and the jury may determine to be proper, together with pre-judgment interest, post-judgment interest, costs of suit, and such other and further relief to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

_/S/Dennis L. Richard_____
Dennis L. Richard
SBN: 4841
**KENNARD ATTORNEYS AT LAW**
85 N.E. LOOP 410
SUITE 603
San Antonio, TX 78216
Telephone: (210) 314-5688

Dated: June 1, 2015

FILED IN MY OFFICE
DISTRICT COURT CLERK
6/3/2015 8:43:13 AM
STEPHEN T. PACHECO
Raisa Morales

# ISSUED

| SUMMONS | |
|---|---|
| District Court: FIRST JUDICIAL<br>Santa Fe County, New Mexico<br>Court Address:<br>Post Office Box 2268 / 225 Montezuma Ave.<br>Santa Fe, New Mexico  87504 / 87501<br>Court Telephone No.: 505-455-8250 | Case Number: D-101-CV-2015-01347<br><br>Assigned Judge: RAYMOND ORTIZ |
| Plaintiff(s): JOHN RICKS<br><br>v.<br><br>Defendant(s): WESTERN FLYER EXPRESS and ROBERT WAGNER | Defendant ROBERT WAGNER<br>Name: ROBERT WAGNER<br>Address: 4835 N. 372ND AVENUE TONOPAH, ARIZONA 85354 |

**TO THE ABOVE NAMED DEFENDANT(S)**: Take notice that

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.
2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.
3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.
6. If you need an interpreter, you must ask for one in writing.
7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Santa Fe, New Mexico, this 3rd day of June, 2015.

STEPHEN T. PACHECO
CLERK OF THE DISTRICT COURT
BY: _____
Deputy

___/S/ Dennis L. Richard___
Signature of Attorney for Plaintiff/Pro Se Party
Name: Dennis L. Richard
Address: 85 N.E. Loop 410, Suite 603, San Antonio, Texas 78216
Telephone No.: 210-314-5688
Fax No.: 210-314-5687
Email Address: DENNIS.RICHARD@KENNARDLAW.COM

FILED IN MY OFFICE
DISTRICT COURT CLERK
6/5/2015 8:48:53 AM
STEPHEN T. PACHECO
Michelle Garcia

STATE OF NEW MEXICO
IN THE FIRST JUDICIAL DISTRICT COURT
SANTA FE COUNTY

JOHN RICKS,  NO.  D-101-CV-2015-01347

JUDGE: RAYMOND ORTIZ

Plaintiff

vs.

WESTERN FLYER EXPRESS and
ROBERT WAGNER

Defendants

### CERTIFICATE OF SERVICE

COMES NOW John Ricks, Plaintiff, by and through his attorney, Dennis L. Richard, and hereby certifies that Plaintiff's Complaint for Negligent Operation of a Motor Vehicle and Negligence Per Se was served upon Defendant Western Flyer Express by Federal Express commercial courier service along with one copy of the Summons and Jury Demand. Proof of service by Federal Express is attached to this pleading.

Respectfully submitted,

_/S/Dennis L. Richard_____
Dennis L. Richard
SBN: 4841
**KENNARD ATTORNEYS AT LAW**
85 N.E. LOOP 410
SUITE 603
San Antonio, TX 78216
Telephone: (210) 314-5688

Dated: June 5, 2015